§UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TUNG WU,

               Plaintiff,

-against-

THE CIVIL COURT OF CITY OF NEW YORK; NEW YORK STATE DEPARTMENT OF INSURANCE FINANCIAL SERVICE; NEW YORK CENTRAL MUTUAL INSURANCE COMPANY OF EDDIE BRITT JR.; ENCOMPASS INSURANCE COMPANY OF GUAN YU HE,

               Defendants.

21-CV-8668 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this *pro se* action, for which the filing fees have been paid, arising from a 2003 automobile accident.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

---

[1] The Court dismissed the complaint on December 13, 2021, because Plaintiff failed to comply with an order directing him to either pay the filing fees or seek leave to proceed *in forma pauperis*. On January 5, 2022, Plaintiff paid the fees, and the matter was reopened.

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The handwritten complaint, which is difficult to read, sets forth the following allegations: In 2003, Plaintiff was in an automobile accident in the Bronx, which left him permanently disabled; he requires the use of a wheelchair, and has continuing pain and medical needs. (ECF 1, at 1.) Plaintiff never "recovered" any money from the other parties involved in the accident (Eddie Britt Jr. and Guan Yu He) or their insurance companies, and the Bronx County Civil Court "refused to give" him a jury trial. (*Id.* at 2.) Defendants violated Plaintiff's constitutional rights and denied him equal protection of the laws, and he seeks $22 million in damages. (*Id.* at 3, 6.) Named as Defendants are: (1) the Civil Court of the City of New York, Bronx County; (2) the New York State Department of Insurance Financial Service; (3) New York Central Mutual Insurance Company (Britt's insurance provider); and (4) Encompass Insurance Company (He's insurance provider). Attachments to the complaint include information about Plaintiff's current medical condition and needs, records from the state court proceedings, including a 2018 demand from Plaintiff for a jury trial, and an absentee ballot from the November 2, 2021, election. (*Id.* at 4-13.) Plaintiff does not assert a specific cause of action but, because he alleges that Defendants violated his constitutional rights, the Court construes the pleading as asserting claims under 42 U.S.C. § 1983.

Plaintiff filed a prior lawsuit regarding these events. *See Wu v. Civil Court of the City of New York, County of Bronx*, ECF 1:12-CV-1220, 4 (LAP) (S.D.N.Y. Mar. 7, 2012) (*Wu I*) (dismissing complaint for failure to state a claim and on immunity grounds). In *Wu I*, Plaintiff sued: (1) the Bronx County Civil Court; (2) Britt; (3) He; (4) New York Central Mutual

Insurance Company; and (5) Encompass Insurance Company. In that action, Plaintiff alleged that the defendants delayed his jury trial and denied him money damages to which he was entitled, and that they discriminated against him because of his Chinese background. In the order of dismissal, Judge Loretta A. Preska held that: (1) Plaintiff's claims against the state court were barred by the Eleventh Amendment; (2) the complaint did not assert any facts in support of a claim of discrimination under 42 U.S.C. §§ 1981 or 1983; and (3) there were no facts in the complaint showing that the private defendants could be held liable under Section 1983.

## DISCUSSION

A.    **Claim Preclusion**

The doctrine of claim preclusion, or *res judicata*, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021) (internal quotation marks omitted). It bars successive litigation if "an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.* To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). And "a dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v.*

3

*Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). This includes a dismissal based on claim preclusion itself. *See Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's *in forma pauperis* action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim on which relief may be granted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may raise the issue of claim preclusion on its own initiative. *See, e.g.*, *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

Because Judge Preska already considered the merits of Plaintiff's claims arising from the car accident and subsequent events, and dismissed those claims, the doctrine of claim preclusion bars all claims that are based on those events. Even if Plaintiff seeks to raise new claims related to the car accident, Judge Preska's final judgment prevents him from doing so, as he could have raised any such new claim in the prior action. Thus, all claims arising from Plaintiff's car accident are barred under the doctrine of claim preclusion and are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.   Eleventh Amendment and Issue Preclusion**

Judge Preska determined that Plaintiff's claims under Section 1981 and Section 1983 against the Bronx County Civil Court were barred under the Eleventh Amendment, and therefore, that the Court lacked subject matter jurisdiction over those claims.[2] *See Wu I*, ECF No.

---

[2] The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has abrogated its immunity validly. *See*

4

4 at 2-3. Generally, claims that are dismissed for lack of subject matter jurisdiction are not considered a dismissal on the merits and the doctrine of claim preclusion does not apply. *See St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no [claim preclusive] effect.") But whether "sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit." *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998)); *see also Adams v. Bosco*, No. 98-CV-8737 (RO), 1999 WL 165691, at *1, n.1 (S.D.N.Y. March 25, 1999) (recognizing that "the case law has some divergence on whether a dismissal for sovereign immunity under the Eleventh Amendment constitutes a final judgment on the merits" and that "there is some support for the proposition that '[a] dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover.'") (citation omitted).

     Even assuming that dismissal of Plaintiff's claims against the court under Eleventh Amendment sovereign immunity was not a decision on the merits subject to the doctrine of claim preclusion, the claims must still be dismissed. While a dismissal on jurisdictional grounds has no claim-preclusive effect, the doctrine of issue preclusion bars relitigation of the specific issues that the prior court decided in reaching its jurisdictional determination. *See St. Pierre*, 208 F.3d at 401 (prior dismissal for lack of standing did not bar subsequent claim but did bar relitigation of specific finding that plaintiff was not loss payee on insurance policy). The doctrine of issue

---

*Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984).

5

preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

Here, to the extent Plaintiff seeks to bring the identical claims presented in *Wu I*, those claims are barred under the doctrine of issue preclusion. See *Stengel v. Black,* 486 F. App'x 181, 183 (2d Cir. 2012) ("Although a dismissal for lack of jurisdiction is not an adjudication of the merits of a claim, such a dismissal precludes re-litigation of the issue it decided.") (internal citation omitted).

In any event, as Judge Preska determined, Plaintiff's claims against the Bronx Civil Court are barred under the Eleventh Amendment.[3] *See Wu I,* ECF No. 4 at 2-3.

## C.     Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[3] The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

## CONCLUSION

Plaintiff's complaint is dismissed because it is barred under the doctrines of claim and issue preclusion and the Eleventh Amendment.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge